# Third District Court of Appeal

## State of Florida

Opinion filed November 18, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-457
Lower Tribunal Nos. 18-8711B & 18-8754

_____

**Clayton Johnson,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Richard L. Hersch, Judge.

Carlos J. Martinez, Public Defender, and Deborah Prager, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Brian H. Zack, Assistant Attorney General, for appellee.

Before FERNANDEZ, SCALES and HENDON, JJ.

PER CURIAM.

Affirmed. <u>See</u> § 90.404(2) (a), Fla. Stat. (2018) ( providing that "[s]imilar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of . . . identity"); <u>Silver v. State</u>, 278 So. 3d 337, 342-43 (Fla. 3d DCA 2019) (holding that, where an antecedent crime is sufficiently similar to the charged crime and contains unique features to indicate the same perpetrator, evidence of the earlier crime is admissible to establish identity); <u>Grier v. State</u>, 27 So. 3d 97, 101 (Fla. 4th DCA 2009) (concluding that collateral evidence did not overwhelm the evidence of the charged crime and become a "feature of the trial," considering that the trial court gave cautionary instructions throughout the trial); <u>see also</u> <u>Yisrael v. State</u>, 993 So. 3d 952, 956-57 (Fla. 2008) (holding that a proponent of a business record may establish its admissibility through a certification that complies with sections 90.803(6)(c) and 90.902(11) of the Florida Statutes; and that, for the evidence to be admissible: "(a) the record was made at or near the time of the event; (2) was made by or from information transmitted by a person with knowledge; (3) was kept in the course of regularly conducted business activity; and (4) that it was made as a regular practice of that business to make such a record.").